**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CONZALOS GLASCO,            ) | |
| ) | |
| Petitioner,            ) | |
| v.            ) | Case No: 1:12-cv-0905-TWP-DML |
| ) | |
| SUPERINTENDENT BUTTS,       ) | |
| ) | |
| Respondent.           ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Conzalos Glasco ("Mr. Glasco") has failed to show that this is the case with respect to the disciplinary proceeding he challenges here, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISR 12-02-0087, Mr. Glasco was found guilty of violating prison rules at the Pendleton Correctional Facility by engaging in disorderly conduct. The evidence favorable to the decision of the conduct board is that on February 21, 2012, Officer McKee was working in a housing unit while Mr. Glasco was seeing the unit team manager. Offender Glasco came out of the office and stated he needed to see counselor Fountain. Officer McKee told Mr. Glasco he could not because Mr. Fountain was with another offender. Mr. Glasco then became upset. Mr. Glasco was told that he needed to go lock down in his cell. Mr. Glasco then started to go back into the unit team manager, Ms. Martinez's office. Mr. Glasco was told no again, because Ms. Martinez had an offender in her office. Mr. Glasco began to get

loud and said he was going to go see the Sergeant. Mr. Glasco was told to place his hands behind his back, but instead took a bladed stance with his hands made into a fist saying no. Sgt. Shaver then came up behind Mr. Glasco, who was then escorted to his cell.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Mr. Glasco was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Mr. Glasco received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Glasco was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions which were imposed.

Mr. Glasco claims that he was denied a lay advocate. This was not a situation, however, in which due process required a lay advocate, see *Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir. 1992) (reviewing the limited circumstances in which *Wolff* contemplates the need for a lay

advocate--the inmate's illiteracy or the complexity of the case), and Mr. Glasco has identified no prejudice from whatever limitation, if any, occurred because a lay advocate was not assigned to his case. Furthermore, Mr. Glasco is an experienced federal civil litigator. Mr. Glasco's petition and response are organized, coherent and focused. He has recently litigated to conclusion an appeal in *Mr. Glasco v. Lyles*, 481 Fed. Appx. 257 (7th Cir. Sept. 26, 2012).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Glasco to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/02/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Janine Steck Huffman
Janine.huffman@atg.in.gov

Conzalos Mr. Glasco
No. 890756
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064